UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Navitag Technologies, Inc., et al.

   v.                                           Case No. 10-mc-92-LM

R. Scott Silva


**REPORT AND RECOMMENDATION**

Before the court is plaintiffs' motion to hold defendant R. Scott Silva ("Silva") in contempt (doc. no. 8).  A brief summary of the procedural history follows.

On August 21, 2008, Navitag Technologies, Inc., and its two directors, C. James Galley, III, and Robert M. Magown (referred to collectively either as "plaintiffs" or "Navitag") brought an action in the United States District Court for the District of Massachusetts against Silva, then a shareholder of Navitag. Plaintiff sought an order requiring Silva to return to Navitag certain property owned by Navitag that Silva wrongfully possessed.  Additionally, Navitag brought claims of misappropriation and conversion and requested a declaratory judgment that it was the rightful owner of the company's outstanding stock.

In Navitag's Massachusetts action, default judgment was entered against Silva on June 18, 2009.  On October 9, 2009, Navitag filed a motion for entry of partial judgment.  The only issue on which it did not request judgment was the determination of the amount of damages.  Navitag requested the partial judgment in order to facilitate its obtaining from Silva the books, records and other property belonging to it that will allow it to prove the amount of damages.  Navitag sought the partial judgment to initiate an enforcement action against Silva in New Hampshire, where he resides.

On August 10, 2010, Judge Gorton issued an order entitled "Partial Final Judgment Pursuant to F.R.C.P. 54(b)."  (A copy of this order is attached to document no. 1 in this case).  In the Partial Final Judgment, Judge Gorton ordered Silva, inter alia, to deliver to counsel for Navitag (a) "all books, records and other property, including all electronically stored information and prototype equipment, belonging or related to Navitag Technologies, Inc."; and (b) "a written accounting of all sums received by Navitag Technologies, Inc. or by [Silva] on behalf of Navitag Technologies, Inc. and all sums expended by Navitag

Technologies, Inc. or by [Silva] on Navitag Technologies Inc.'s behalf."[1]

On December 6, 2010, plaintiffs filed in this court a Registration of Foreign Judgment (doc. no. 1) and contemporaneously therewith filed a motion for an order requiring Silva to show cause why he should not be held in contempt for his failure to produce the Subject Material in accordance with the terms of Judge Gorton's Partial Final Judgment.  In an order dated January 18, 2011, this court granted plaintiffs' request and ordered Silva to show cause why he should not be held in contempt for failing to produce the Subject Material (doc. no. 4).  The court gave Silva thirty days to produce the Subject Material or show cause why he should not be held in contempt for his failure to do so.

On April 29, 2011, plaintiffs filed a motion for an order to hold defendant in contempt for his failure to comply with the order to show cause (doc. no. 8).  In that motion, plaintiffs documented Silva's partial compliance with the order to show cause, and sought a contempt finding for Silva's continuing failure to produce a significant portion of the Subject

---

[1] In the Final Partial Judgment, these two orders were numbered paragraphs 5 and 8, respectively.  For simplicity, this court refers to the material described in paragraphs 5 and 8 of Judge Gorton's order as "the Subject Material."

Material.  As the motion documented defendant's ongoing contempt and Silva filed no objection to the motion for contempt, the court granted the motion.

On May 26, 2011, plaintiffs filed a motion seeking an order to enforce the contempt finding (doc. no. 9).  Upon close review of the docket, I determined that the case had not been referred to me by a district court judge, nor had the parties consented to the jurisdiction of the magistrate judge.  Pursuant to 28 U.S.C. § 636(e)(6), a magistrate judge does not have authority to issue a civil contempt finding where the case is not before the magistrate judge by consent.  Thus, in an order dated June 22, 2011, I vacated the contempt finding and scheduled a hearing on the motion for contempt (doc. no. 8) for July 11, 2011.  At the hearing, counsel for plaintiffs appeared; Silva did not appear on his own behalf.

### Factual Findings

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the court certifies the following facts to a district judge:

1.  The only matter left open for ruling in the Massachusetts case is the amount of damages Silva must pay plaintiffs on the conversion/misappropriation claim.

2.   By order dated April 17, 2009, the court in Massachusetts required Silva to produce the Subject Material within a thirty-day time frame (doc. no. 8-1).  Judge Gorton's Partial Final Judgment again ordered Silva to produce this material within a ten-day time frame (doc. no. 1).

3.   Silva did not comply with these orders.

4.   After Judge Gorton issued the Partial Final Judgment, Navitag waited approximately four months before filing the Registration of Foreign Judgment in this court.

5.   Navitag pursued relief in this court because Silva resides in New Hampshire, and Navitag believed it would be more effective to pursue Silva's compliance with the order in New Hampshire.

6.   This court's January 18, 2011, show cause order was the third order in a series of orders requiring Silva to produce the Subject Material.

7.   The evidence showed that Silva had actual notice of this court's show cause order, as it was served on him in hand (doc. no. 9-3).

8.   The show cause order, which incorporated by reference the language in Judge Gorton's Final Partial Judgment, was clear and unambiguous.  There could be no room for doubt in Silva's

mind that he was required to turn over to Navitag the Subject Material.

    9. After the show cause order was issued, Silva provided to Navitag a small portion of what he was ordered to provide. Silva turned over various equipment, one CD-ROM disk containing copies of various corporate records, and three other documents, including an original United States patent, owned by Navitag. (Kovacs Aff. (doc. no. 8-1), ¶ 2, doc. no. 8-1; Galley Aff., ¶ 4, doc. no. 8-2).

    10. According to Navitag, Silva has failed to produce three categories of materials: (1) equipment belonging to Navitag including various tracking devices, computers, a network printer, router, and a flat-screen computer monitor (Kovacs Aff., ¶ 2; Galley Aff., ¶¶ 3-4); (2) financial records, such as bank statements, copies of checks, deposit slips, charge receipts, expense receipts and purchase receipts, or any other documents that would show the receipt of funds paid to or for the benefit of Navitag, and the payment of expenses of or incurred on behalf of Navitag (Kovacs Aff., ¶ 4; Galley Aff., ¶ 2); and (3) an accounting of all sums received by Navitag and all sums expended by Navitag (Kovaks Aff., ¶¶ 3-4).

11. Silva produced a document entitled "2_SalesRevenues." <u>See</u> Kovacs Aff., ¶ 3 and Ex. B thereto.  That document fails to provide any detail with respect to expenses, the amount of funds received and the reason for the payment, the persons or entities who received funds from the company, the amounts, and reasons for payment.

12. Attorney Kovacs explained at the hearing that Navitag's primary concern at this stage is to receive from Silva financial documents, such as bank records, that would enable Navitag to determine its creditors and ensure that any such creditors are paid.  Navitag owns a patent that it would like to sell.  Thus, Navitag is interested in ensuring that the title to the patent is clear of claims of any outstanding creditors.

13. Galley last had contact with Silva some time in 2006. Galley Aff., ¶ 2.  The court inquired of Kovacs as to his knowledge of whether Silva's compliance with the court's show cause order was possible.  Kovacs relied on Galley's Affidavit to establish that Silva was the last person associated with Navitag to possess the financial documents of the company.  When Galley last communicated with Silva in 2006, Silva was in possession of all documents related to the finances of Navitag, including its bank statements, check register, deposit slips,

cancelled checks and any other documents that would have been related to the revenues and expenses of the company. (Galley Aff., ¶ 2).

14. According to Kovacs, Silva is in possession of the financial documents himself, and he would have actual knowledge of the contents of the financial documents and financial history of the company.

15. Silva did not respond to the court's January 18, 2011, show cause order.  Nor did Silva respond to Navitag's motion to hold him in contempt for his failure to comply with that order.  Thus, Silva has offered no evidence to suggest that his compliance with that show cause order is not possible.

## Legal Discussion

"Unlike criminal contempt, which has a punitive function, civil contempt is imposed, either to coerce compliance with a court order or to compensate a party harmed by non-compliance." United States v. Puerto Rico, 642 F.3d 103, 108 (1st Cir. 2011). Because Navitag is not seeking compensatory relief, the focus here is solely on a contempt sanctions' purpose to "induce the purging of contemptuous conduct . . . ." Id. (internal quotation marks omitted).

"A finding of civil contempt ordinarily involves proof that the alleged contemnor had notice that he was subject to a "clear and unambiguous order, that compliance is possible, and that the order was in fact violated." Id. (footnote omitted) (quoting United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005)). In defending a contempt motion based on inability to comply with terms of the order in question, "[t]he alleged contemnor bears the burden of production . . . ." United States v. Puerto Rico, 642 F.3d at 108 n.8.

Here, a finding of civil contempt is warranted. Silva had notice of the January 18, 2011, show cause order. The terms of the order were clear and unambiguous and mirrored the terms of prior Massachusetts court orders requiring Silva to turn over the Subject Material. Silva has failed to comply with the order and has not produced any evidence that he is unable to do so.

### Recommendation

The court certifies the above facts to the district judge and recommends that the district judge adopt these factual findings and issue an order finding that Silva is in contempt of this court's show cause order dated January 18, 2011. The court recommends that the district judge grant Navitag's motion for contempt (doc. no. 8) and order Silva to appear for a further

hearing in this matter and order him to bring with him all books, records and other property belonging to or related to Navitag Technologies, Inc., including any and all bank records and financial documents which would evidence the company's assets, liabilities and expenses.  Should Silva maintain that he has no such financial records, Silva must be prepared to testify at the hearing about his knowledge of all financial transactions that occurred while he was working on behalf of Navitag.  In the event that Silva should fail to appear for this evidentiary hearing, the court recommends that the district judge entertain a request from Navitag to order Silva's immediate arrest so that he may be brought before this court to answer for his civil contempt.

### Conclusion

For the foregoing reasons, the court recommends that the district judge adopt the factual findings as certified herein, find Silva in contempt, and issue the recommended order.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d

554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya McCafferty
United States Magistrate Judge

Dated: August 5, 2011

cc: Alan L. Kovacs, pro se
    Frank P. Spinella Jr., Esq.

554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya McCafferty
United States Magistrate Judge

Dated:  August 5, 2011

cc:  Alan L. Kovacs, pro se
     Frank P. Spinella Jr., Esq.